UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MIGUEL A. GARCIA,

        Plaintiff,

-against-

TIMOTHY LEROY BLACK
and CBF TRUCKING, INC.,

        Defendants.

---

**Notice of Removal**

08 CV 2536 (Judge BATTS)

The Notice of Removal, by the defendants, alleges:

1. On or about January 17, 2008, an action was commenced against the defendants by filing of the summons and complaint in the Supreme Court of the State of New York, County of Bronx, entitled *Miguel A. Garcia v. Timothy Leroy Black and CBF Trucking, Inc.*, index number 300442/08. Copies of the summons and complaint are attached as Exhibit A.

2. On or about February 27, 2008, the defendants answered the complaint. A copy of the defendants' *Verified Answer* is attached as Exhibit B.

3. On or about February 27, 2008, the defendants served on plaintiff a *Demand for Damages*. A copy of the defendants' *Demand for Damages* is attached as Exhibit C.

4. On or about March 7, 2008, the plaintiff served—in a letter dated March 4, 2008—a *Response to Demand for Damages*, which contains a claim for damages of $500,000. A copy of the plaintiff's letter is attached as Exhibit D.

5. The above-described action is one in which this Court has original jurisdiction under diversity of citizenship, 28 U.S.C. §1332, as one which may be removed to this Court, pursuant to 28 U.S.C. §1441(a), in that it is a civil action, the matter in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

6. At the time the action was commenced, and continuing to the present time, the plaintiff, Miguel A. Garcia, resides and is domiciled in **Bronx, New York.**

7. At the time the action was commenced, and continuing to the present time, the defendant, CBF Trucking, Inc., Inc., is a **New Jersey** corporation, with its principal place of business in **New Jersey**.

8. At the time the action was commenced, and continuing to the present time, the defendant, Timothy Leroy Black, resides and is domiciled in **Pennsylvania.**

9. This Notice of Removal is being filed **within thirty (30) days** of the defendants being served with legal papers showing the basis of removal, plaintiff's *Response to Demand for Damages*, containing plaintiffs' monetary claim of $500,000.

10. This Notice of Removal is being filed less than one year after the Supreme Court of the State of New York, County of Bronx, action was commenced.

WHEREFORE, the defendants request that the above-described action pending in Supreme Court of the State of New York, County of Bronx, be removed to this Court.

Dated:    March 12, 2008

Michael N. Cotignola
(MC 3523)
Attorney for Defendants
108 Greenwich St. – 5th Floor
New York, NY 10006
(212) 732-6607

-3-

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

MIGUEL A. GARCIA,

                Plaintiff,

-against-

TIMOTHY LEROY BLACK and
CBF TRUCKING, INC.,

                Defendants.

Index No.: 300442/08

Plaintiff designates
BRONX COUNTY
as the Place of Trial

SUMMONS

Basis of Venue:
Plaintiff's Residence
in Bronx County

---

To The Above Named Defendants:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint was not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within 30 days after the service was complete if this summons was not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       December 20, 2007

                                  PHILIP J. SPORN
                                  & ASSOCIATES
                       By: PHILIP J. SPORN
                          Attorneys for Plaintiff
                          664 Morris Park Avenue
                          Bronx, New York 10462
                          Telephone: (718) 828-9100

Defendants' address:

| | |
|---|---|
| TIMOTHY LEROY BLACK | CBF TRUCKING, INC. |
| 1215 Harmony Road | 1001 Hopewell Avenue |
| Punxsutawney, Pa. 15767 | Ocean, New Jersey 07712 |
| via NYS Dept. of State | via NYS Dept. of State |

          YOU SHOULD IMMEDIATELY BRING THESE DOCUMENTS TO YOUR
                        ATTORNEY OR INSURANCE COMPANY

02/12/2008 14:30 FAX 19737732144    Finkle Trucking                           ☐001/008

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

| | | |
|---|---|---|
| MIGUEL A. GARCIA | | Index # 300442/08 |
| | Plaintiff(s) | Invoice Number: 455045 |
| -against- | | |
| TIMOTHY LEROY BLACK, ETANO | Defendant(s) | Notice Pursuant to Section 253 of the Vehicle & Traffic Law of the State of New York |

Please take notice that a copy of the within summons and complaint along with the statutory fee of $10 was served upon the Secretary of State of New York pursuant to Section 253 of the Vehicle and Traffic Law on January 31, 2008 at the office at 123 William Street, New York, New York 10038.

Dated February 8, 2008            PHILIP J. SPORN & ASSOCIATES
New York, New York                664 MORRIS PARK AVENUE
                                  BRONX, NY 10462
                                  ATTORNEY FOR PLAINTIFF
                                  (718) 828-9100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
───────────────────────────────────────────

MIGUEL A. GARCIA,

        Plaintiff,                    Index No.: 300442/08

    -against-                         VERIFIED
                                             COMPLAINT

TIMOTHY LEROY BLACK and
CBF TRUCKING, INC.,

        Defendants.
───────────────────────────────────────────

    Plaintiff, complaining of the Defendants, by his attorneys, PHILIP J. SPORN & ASSOCIATES, respectfully shows to this Court and alleges as follows:

    1.    That on August 17, 2007, plaintiff, MIGUEL A. GARCIA ("Mr. Garcia") was and remains a resident of the County of Bronx and State of New York.

    2.    That on August 17, 2007, upon information and belief, defendant, TIMOTHY LEROY BLACK ("Mr. Black") was and remains a resident of the State of Pennsylvania.

    3.    That on August 17, 2007, upon information and belief, defendant, CBF TRUCKING, INC. ("CBF") was and remains a domestic corporation.

    4.    That on August 17, 2007, upon information and belief, CBF was and remains a foreign corporation authorized to do and/or actually doing business in the County of Bronx and State of New York.

    5.    That on August 17, 2007, Brush Avenue at and about Bruckner Boulevard in the County of Bronx and State of New York was and remains a public roadway.

02/12/2008 14:31 FAX 19737732144            Finkle Trucking                    ☒004/008

6.    That on August 17, 2007, Mr. Garcia was the owner and operator of a 2002 Honda bearing New York State License Plate Number DJ2-408 ("vehicle #1") at the time and place as stated herein.

7.    That on August 17, 2007, upon information and belief, CBF was the owner of a 1998 Freightliner tractor trailer bearing New Jersey State License Plate Number AL697B ("vehicle #2") at the time and place as stated herein.

8.    That on August 17, 2007, upon information and belief, CBF maintained vehicle #2 at the time and place as stated herein.

9.    That on August 17, 2007, upon information and belief, CBF managed vehicle #2 at the time and place as stated herein.

10.    That on August 17, 2007, upon information and belief, CBF controlled vehicle #2 at the time and place as stated herein.

11.    That on August 17, 2007, upon information and belief, Mr. Black operated vehicle #2 at the time and place as stated herein.

12.    That on August 17, 2007, upon information and belief, Mr. Black operated vehicle #2 with CBF's knowledge, permission, and consent, whether express and/or implied.

13.    That on August 17, 2007, upon information and belief, Mr. Black maintained vehicle #2 at the time and place as stated herein.

14.    That on August 17, 2007, upon information and belief, Mr. Black managed vehicle #2 at the time and place as stated herein.

15.    That on August 17, 2007, upon information and belief, Mr. Black controlled vehicle #2 at the time and place as stated herein.

16. That on August 17, 2007, CBF was negligent in the ownership of vehicle #2 at the ~~time and place as stated herein.~~

17. That on August 17, 2007, CBF was negligent in the maintenance of vehicle #2 at the time and place as stated herein.

18. That on August 17, 2007, CBF was negligent in the management of vehicle #2 at the time and place as stated herein.

19. That on August 17, 2007, CBF was negligent in the control of vehicle #2 at the time and place as stated herein.

20. That on August 17, 2007, Mr. Black was negligent in the operation of vehicle #2 at the time and place as stated herein.

21. That on August 17, 2007, Mr. Black was negligent in the maintenance of vehicle #2 at the time and place as stated herein.

22. That on August 17, 2007, Mr. Black was negligent in the management of vehicle #2 at the time and place as stated herein.

23. That on August 17, 2007, Mr. Black was negligent in the control of vehicle #2 at the time and place as stated herein.

24. That Mr. Garcia has sustained serious injury as defined in Subsection (d) of Section 5102 of the Insurance Law of the State of New York.

25. That solely as a result of the negligence of the defendants as aforesaid, Mr. Garcia sustained serious, severe and permanent personal injuries and disabilities, including, but not limited to injuries to his head, neck, back and limbs; pain and suffering and loss of enjoyment of life; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain; was compelled to obtain medical treatment and will be compelled to

undergo further medical treatment for an undetermined amount of time, and has incurred and will continue to incur expenses for medical and hospital treatment and related medical care and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiff, MIGUEL A. GARCIA demands monetary judgment against the defendants in an amount as may be determined by a Court and/or jury, together with the costs and disbursements of this action.

Dated: New York, New York
December 20, 2007

PHILIP J. SPORN
& ASSOCIATES

By: _____
PHILIP J. SPORN
Attorneys for Plaintiff
664 Morris Park Avenue
Bronx, New York 10462
Telephone: (718) 828-9100

## VERIFICATION

STATE OF NEW YORK}
                    ss:
COUNTY OF BRONX}

MIGUEL A. GARCIA, being duly sworn deposes and states as follows:

I have read the foregoing Summons and Complaint and know the contents thereof. The same is true to my knowledge, except as to those matters therein, which are alleged upon information and belief. The grounds of my belief as to all matters not stated upon my own knowledge are as follows: records, reports, and correspondence. I affirm that the foregoing statements are true, under the penalties of perjury.

In Witness Whereof, Miguel Garcia has hereunto set his hand and seal on this 20th day of December, 2007.

_____
MIGUEL A. GARCIA

STATE OF NEW YORK)
COUNTY OF BRONX) ss.:

On December 20, 2007, before me personally came MIGUEL A. GARCIA, to me known, and known to me to be the individual described in, and who executed the foregoing authorization, and duly acknowledged to me that he executed the same.

PHILIP J. SPORN
Notary Public, State of New York
No. 02SP5040336
Qualified in New York County
Term Expires April 22, 2011
_____
PHILIP J. SPORN

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

MIGUEL A. GARCIA,

           Plaintiff,

-against-

TIMOTHY LEROY BLACK and
CBF TRUCKING, INC.,

           Defendants.

**Verified Answer**

Index #: 300442/08

---

The defendants, by their attorney, Michael N. Cotignola, state the following for their verified answer:

### First Cause of Action

1. Deny knowledge or information sufficient to form a belief.
2. Admit.
3. Deny.
4. Admit.
5. Admit.
6. Deny knowledge or information sufficient to form a belief.
7. Admit.
8. Deny, insofar as the defendants do not know what is meant by the term "maintained."
9. Deny, insofar as the defendants do not know what is meant by the term "managed."

10. Deny, insofar as the defendants do not know what is meant by the term "controlled."

11. Admit.

12. Admit.

13. Deny, insofar as the defendants do not know what is meant by the term "maintained."

14. Deny, insofar as the defendants do not know what is meant by the term "managed."

15. Deny, insofar as the defendants do not know what is meant by the term "controlled."

16. Deny.

17. Deny.

18. Deny.

19. Deny.

20. Deny.

21. Deny.

22. Deny.

23. Deny.

24. Deny.

25. Deny.

### First Affirmative Defense

26. Any damages sustained by the plaintiff was caused in whole or in part by plaintiff's own negligence, and any award he receives must be reduced accordingly.

### Second Affirmative Defense

27. The plaintiff's injuries, if any, were caused in whole or in part by his failure to wear a seatbelt, or other safety restraint device, and any award he receives must be reduced accordingly.

### Third Affirmative Defense

28. The plaintiff has failed to sustain a "serious injury" as defined in §5102 of New York's Insurance Law.

### Fourth Affirmative Defense

29. Any award plaintiff receives must be reduced according to CPLR §4545(c).

### Fifth Affirmative Defense

30. The defendants' liability is limited under CPLR Article 16.

WHEREFORE, the defendants demand:

a. The complaint be dismissed.

b. Costs and disbursements.

Dated:   New York, New York
         February 27, 2008

                                                **Michael N. Cotignola**
                                                Attorney for Defendants
                                                108 Greenwich St.
                                                5th Floor
                                                New York, NY 10006
                                                (212) 732-6607

To:   **Philip J. Sporn & Associates**
      Attorneys for Plaintiff
      664 Morris Park Avenue
      Bronx, NY 10462
      (718) 828-9100

-4-

## Attorney Verification

Michael N. Cotignola, an attorney admitted to practice in this state, affirms the following to be true under the penalties of perjury:

1. I am the attorney for the defendants.

2. The foregoing Verified Answer is true to my own knowledge, except as to those mattes I believe to be true.

3. The grounds for my belief as to those matters not stated upon my own knowledge are correspondence and other writings in the file maintained by my office, and investigations conducted.

4. The reason the verification is not made by the defendants is that the defendants do not reside in the county where I maintain my office.

Dated:   New York, New York
         February 27, 2008

*/s/ Michael N. Cotignola*
Michael N. Cotignola

# Affirmation of Service

Michael N. Cotignola, an attorney admitted to practice in the state of New York, affirms the following to be true under the penalties of perjury:

I am not a party to this action, am over 18 years of age, and reside in Morris County, New Jersey.

I served the following parties, persons or attorneys with the pleadings, legal papers or other documents listed below, on the date stated, at the address designated by them for service, by depositing a true copy of such pleadings, legal papers or other documents, in a post-paid, addressed wrapper, in an official United States Post Office mailbox, in state of New York:

Document or Pleading Served:        **Verified Answer**

Date of Service:                    **February 27, 2008**

Service made on:                    **Philip J. Sporn & Associates**
                                    **Attorneys for Plaintiff**
                                    **664 Morris Park Avenue**
                                    **Bronx, NY 10462**

Dated:    New York, New York
          February 27, 2008

_____
Michael N. Cotignola

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

MIGUEL A. GARCIA,

      Plaintiff,

-against-

TIMOTHY LEROY BLACK and
CBF TRUCKING, INC.,

      Defendants.

**Demand for Damage**

Index #: 300442/08

---

  Pursuant to CPLR §3017(c), the defendants request that, within fifteen (15) days the plaintiffs serve a supplemental demand for relief, setting forth the total damages to which the plaintiffs deem themselves entitled.

  Also pursuant to CPLR §3017(c), in the event that the plaintiffs do not serve such supplemental demand for relief within fifteen (15) days, a motion will be made for the appropriate relief and costs.

Dated: New York, New York
    February 27, 2008

                     _____
                      Michael N. Cotignola
                      Attorney for Defendants
                      108 Greenwich St.
                      5th Floor
                      New York, NY 10006
                      (212) 732-6607

To:   **Philip J. Sporn & Associates**
      Attorneys for Plaintiff
      664 Morris Park Avenue
      Bronx, NY 10462
      (718) 828-9100

## Affirmation of Service

Michael N. Cotignola, an attorney admitted to practice in the state of New York, affirms the following to be true under the penalties of perjury:

I am not a party to this action, am over 18 years of age, and reside in Morris County, New Jersey.

I served the following parties, persons or attorneys with the pleadings, legal papers or other documents listed below, on the date stated, at the address designated by them for service, by depositing a true copy of such pleadings, legal papers or other documents, in a post-paid, addressed wrapper, in an official United States Post Office mailbox, in state of New York:

Document or Pleading Served:       **Demand for Damages**

Date of Service:       **February 27, 2008**

Service made on:       **Philip J. Sporn & Associates**
**Attorneys for Plaintiff**
**664 Morris Park Avenue**
**Bronx, NY 10462**

Dated:   New York, New York
         February 27, 2008

_____
Michael N. Cotignola

# PHILIP J. SPORN & ASSOCIATES

*ATTORNEYS AT LAW*

664 MORRIS PARK AVENUE
Bronx, New York 10462
Tel: 718-828-9100
Fax: 718-828-9101

PHILIP J. SPORN
Email: PJS@PHILSPORNLAW.COM

ROBERT J. DI GIANNI JR.

52 LINCOLN ROAD
Brooklyn, New York 11225
Tel: 718-282-4166
Fax: 718-282-4165

Legal Assistant
Margarita Vega
Tiffany Wilder

March 4, 2008

Michael N. Cotignola, Esq.
Law Offices of Michael N. Cotignola
108 Greenwich Street
New York, New York 10006

    Re:    Miguel Garcia v. Timothy Leroy Black
           Date of Loss:  August 17, 2007

Dear Mr. Cotignola:

    Reference is made to the above matter and more specifically, your Demand for Damages as served along with your Verified Answer. In that regard, plaintiff hereby demands $500,000.00 thus triggering your right to remove this matter to Federal Court (So. District of New York). Based upon our recent conversation, I will assume that you will be removing the matter and accordingly, I will await your removal papers.

    In the interim, I enclose medical records currently in my file for your review, as well as duly executed authorizations to obtain them and this client's No-fault file directly should you so choose. Kindly allow this exchange to serve as our Initial Rule 26(a)(1) Disclosures. I will, of course, forward additional medical records as they are received.

    Thank you and please do not hesitate to contact me should you have any questions or require any additional materials to evaluate this claim.

                                                Sincerely,

                                               Philip J. Sporn

cc:    Alicia Blehl
       New Jersey Manufacturers Insurance Co.
       1599 Littleton Road
       Parsippany, New Jersey 07054
          Claim No.:    2007-088308

PJS/mv: Encls. (medical records, authorizations)